FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 22, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>FRANCHESCA LLANOS-DELGADO (5),<br><br>        Defendant. | No. 4:21-CR-06028-MKD-5<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br>**ECF No. 554** |

Before the Court is Defendant Franchesca Llanos-Delgado (5)'s motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1). ECF No. 554. The Court has reviewed the motion and the record and is fully informed. For the reasons stated below, the Court denies the motion.

## BACKGROUND

In March 2022, Defendant Franchesca Llanos-Delgado (5), and nine others, were charged in a six-count indictment with a large drug distribution conspiracy beginning in November 2019. ECF No. 119. On August 10, 2023, Defendant entered a plea of guilty to Count 1 of the Second Superseding Indictment,

ORDER - 1

1  Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §

2  841(a)(1), (b)(1)(A).  ECF No. 381.  On April 10, 2025, Defendant was sentenced

3  to forty-two months of incarceration and three years of supervised release.  ECF

4  No. 551.

5      Defendant filed the instant Motion for Compassionate Release on August 8,

6  2025.  ECF No. 554.  Defendant seeks compassionate release to care for her adult

7  child who has been diagnosed with mental health disorders and to address her own

8  health issues, and asks the Court to reduce her imposed sentence of forty-two

9  months to time served.  *Id.* at 3.

10  **LEGAL STANDARD**

11      "A federal court generally 'may not modify a term of imprisonment once it

12  has been imposed.'"  *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18

13  U.S.C. § 3582(c)).  Congress has provided a statutory exception to this general

14  rule, giving courts discretion to grant compassionate release under limited

15  circumstances.  *See* 18 U.S.C. § 3582(c)(1)(A).  Compassionate release is to be

16  viewed as a narrow exception, as it "derogates from the principle of finality."

17  *United States v. Wright*, 46 F.4th 938, 944-45 (9th Cir. 2022) (citing *Freeman v.*

18  *United States*, 564 U.S. 522, 526 (2011)).

19      To bring a motion for compassionate release, defendants must first exhaust

20  their administrative remedies within the Bureau of Prisons or wait thirty days after

ORDER - 2

receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). After a defendant satisfies the administrative requirement, the district court must then consider: (1) whether extraordinary and compelling reasons warrant such a reduction; (2) whether such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission; and (3) the sentencing factors set forth in 3553(a) to the extent they are applicable. *Wright*, 46 F.4th at 945 (citing *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020)). The district court "may deny compassionate release if a defendant fails to satisfy any of these grounds." *Id.* (citing *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021)).

## DISCUSSION

Defendant seeks compassionate release. ECF No. 554. Defendant filed a request for compassionate release with the warden of FCI-Victorville, where she is currently incarcerated, on July 10, 2025. *Id.* at 2, 5. Thus, Defendant has satisfied the administrative remedy exhaustion requirement of 18 U.S.C § 3582(c)(1). Accordingly, the Court must consider whether Defendant has established extraordinary and compelling reasons warranting a reduction under 18 U.S.C. § 3582(c)(1)(A)(i) or whether the 18 U.S.C. § 3553(a) sentencing guidelines warrant a reduction in sentence.

ORDER - 3

**A. Extraordinary and Compelling Reasons**

It is the defendant's burden to establish an extraordinary and compelling reason warranting compassionate release. *See Wright*, 46 F.4th at 951. Congress has not provided a statutory definition of "extraordinary and compelling reasons." *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam). Instead, Congress directed that the United States Sentencing Commission determine what qualifies as extraordinary and compelling reasons to support compassionate release. 28 U.S.C. § 994(t). The Sentencing Commission's policy statement regarding compassionate release resides in U.S.S.G § 1B1.13. *Aruda*, 993 F.3d at 800.

*1. Caregiver Needs*

Relevant here, U.S.S.G § 1B1.13 authorizes compassionate release where a defendant can show the "death or incapacitation of the caregiver of . . . the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." U.S.S.G § 1B1.13(b)(3)(A). Defendant argues that there are extraordinary and compelling reasons to warrant her release under the "Family Circumstances" provision of USSG § 1B1.13 based on her adult child's diagnoses of autism and attention-deficit/hyperactive disorder ("ADHD"), as well as a recent suicide attempt. ECF No. 554 at 1-3.

ORDER - 4

While the Court acknowledges the hardships that Defendant's child is experiencing, Defendant's child resides with two adult siblings and Defendant has not provided any evidence establishing the "death or incapacitation" of the siblings. *See* ECF No. 479 at 20 ¶¶ 137-38; ECF No. 554 at 6; *see also United States v. Ramos*, No. 21-CR-25, 2025 WL 1355273, at *3 (D. Or. May 9, 2025) (denying a defendant's motion for compassionate release where the defendant's adult child suffered from mental illnesses but was "not without support or familiar caregivers"). Further, the Court was aware of Defendant's family circumstances when it imposed sentence and took this factor into consideration. *See* ECF No. 552 at 3; *Ramos*, 2025 WL 1355273, at *3 (noting that while the defendant's adult child's medical condition "may have worsened" since the defendant's sentencing, the defendant had "failed to demonstrate that the current circumstances depart[ed] so starkly from those presented at sentencing to warrant a complete change of course now").

Therefore, Defendant has failed to establish extraordinary and compelling reasons warranting compassionate release on this basis.

*2. Medical Condition*

Relevant here, U.S.S.G § 1B1.13 authorizes compassionate release where a defendant can show that she is: (1) "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide

ORDER - 5

self-care within the environment of a correctional facility and from which . . . she is not expected to recover"; or (2) "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G § 1B1.13(b)(1)(A)-(C). Defendant argues that there are extraordinary and compelling reasons to warrant her release under the "Medical Circumstances" provision of USSG § 1B1.13 based on her health. ECF No. 554 at 1-3.

Defendant alleges that she suffers from "diabetes, high blood pressure[,] and thyroid issues," and had "major back surgery" prior to beginning her term of incarceration. *Id.* at 1. She also generally alleges that her medical issues are "not being properly taken care of."[1] *Id.* However, Defendant has provided no evidence that these conditions substantially dimmish her ability to provide self-care while in a correctional facility or that she is not receiving the necessary medical care. *See generally id.* Further, the Court was aware of many of Defendant's health-related issues when it imposed sentence and took this factor into consideration. *See* ECF No. 552 at 3.

---

[1] The only specific provided by Defendant is that that *prior* to her back surgery, she could not get out of bed or perform "simple tasks like bathing and eating without help." *Id.* at 1.

ORDER - 6

Therefore, Defendant has failed to establish extraordinary and compelling reasons warranting compassionate release on this basis.

**B. Section 3553(a) Factors**

Even if Defendant's circumstances constituted extraordinary and compelling reasons, a sentence reduction would not align with applicable sentencing factors set forth in Section 3553(a). The relevant factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, and (2) the need for the sentence imposed to reflect the seriousness of the offense, and to adequately deter criminal conduct to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Defendant was involved in a highly sophisticated drug distribution conspiracy transporting a significant amount of narcotics. ECF No. 481 at 1. At sentencing, the Court considered the relevant Section 3553(a) factors and granted a downward variance based on Defendant's family circumstances, mental and emotional condition, and physical condition. ECF No. 552 at 3. The Court sentenced the Defendant below the guideline range, finding a forty-two-month sentence sufficient and necessary.

The Court acknowledges that at the time of sentencing, Defendant's adult child had not attempted suicide. *See* ECF No. 479 at 20 ¶ 140. However, the imposed sentence, which is below the guideline range in part because of

ORDER - 7

Defendant's family circumstances, remains necessary to reflect the seriousness of the offense, promote respect for the law, and to provide punishment for the offense. 18 U.S.C. § 3553(a).

## CONCLUSION

Having found that Defendant has failed to make the requisite showing of extraordinary and compelling reasons that her sentence should be reduced, and because a reduction would be at odds with the sentencing factors under Section 3553(a), the Court denies Defendant's Motion for Compassionate Release.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Compassionate Release, **ECF No. 554**, is **DENIED**.

**IT IS SO ORDERED.** The District Clerk is hereby directed to enter this Order and provide copies to Defendant and Counsel for the United States.

DATED August 22, 2025.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 8