FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 20, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FRANCHESCA LLANOS-DELGADO (5),<br><br>　　　　　Defendant. | No. 4:21-CR-06028-MKD-5<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING COMPASSIONATE RELEASE<br><br>**ECF No. 556** |

　　　　Before the Court is Defendant Franchesca Llanos-Delgado (5)'s Motion for Reconsideration of the Court's Order Denying Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1). ECF No. 556. The Court has reviewed the motion and the record and is fully informed. For the reasons stated below, the Court denies the motion.

## BACKGROUND

　　　　In March 2022, Defendant Franchesca Llanos-Delgado (5), and nine others, were charged in a six-count indictment with a large drug distribution conspiracy beginning in November 2019. ECF No. 119. On August 10, 2023, Defendant

ORDER - 1

entered a plea of guilty to Count 1 of the Second Superseding Indictment, Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).  ECF No. 381.  On April 10, 2025, Defendant was sentenced to forty-two months of incarceration and three years of supervised release.  ECF No. 551.

On August 8, 2025, Defendant filed a Motion for Compassionate Release, ECF No. 554, which the Court denied, ECF No. 555.  Defendant seeks reconsideration to care for her adult child who has been diagnosed with mental health disorders and asks the Court to reduce her imposed sentence of forty-two months to time served.  ECF No. 556 at 1; ECF No. 557 at 1.

# LEGAL STANDARD

### A. Motion for Reconsideration

Under the Local Criminal Rules, "[m]otions for reconsideration are disfavored and . . . [t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  LCrR 12(c)(5).

### B. Compassionate Release

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'"  *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18

ORDER - 2

U.S.C. § 3582(c)).  Congress has provided a statutory exception to this general rule, giving courts discretion to grant compassionate release under limited circumstances.  *See* 18 U.S.C. § 3582(c)(1)(A).  Compassionate release is to be viewed as a narrow exception, as it "derogates from the principle of finality." *United States v. Wright*, 46 F.4th 938, 944-45 (9th Cir. 2022) (citing *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

To bring a motion for compassionate release, defendants must first exhaust their administrative remedies within the Bureau of Prisons or wait thirty days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).  After a defendant satisfies the administrative requirement, the district court must then consider: (1) whether extraordinary and compelling reasons warrant such a reduction; (2) whether such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission; and (3) the sentencing factors set forth in 3553(a) to the extent they are applicable.  *Wright*, 46 F.4th at 945 (citing *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020)).  The district court "may deny compassionate release if a defendant fails to satisfy any of these grounds." *Id.* (citing *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021)).

ORDER - 3

**DISCUSSION**

Defendant seeks reconsideration of her request for compassionate release. ECF No. 556. The Court previously found that Defendant had satisfied the administrative remedy exhaustion requirement of 18 U.S.C § 3582(c)(1), but that Defendant had not established extraordinary and compelling reasons warranting a reduction under 18 U.S.C. § 3582(c)(1)(A)(i) or that the 18 U.S.C. § 3553(a) sentencing guidelines warranted a reduction in sentence. *See* ECF No. 555 at 3-8.

Defendant has not provided any new facts that change the Court's analysis. *See* LCrR 12(c)(5). While Defendant has now provided letters from her adult children stating that they are struggling to make medical appointments for the child in question without the assistance of Defendant, ECF No. 556-1, this does not change the Court's prior analysis under 18 U.S.C. § 3582(c)(1)(A)(i). *See United States v. Ramos*, No. 21-CR-25, 2025 WL 1355273, at *3 (D. Or. May 9, 2025) (denying a defendant's motion for compassionate release where the defendant's adult child suffered from mental illnesses but was "not without support or familiar caregivers").

Further, for the reasons already stated, a sentence reduction would not align with applicable sentencing factors set forth in Section 3553(a).

ORDER - 4

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Reconsideration of the Court's Order Denying Compassionate Release, **ECF No. 556**, is **DENIED**.

**IT IS SO ORDERED.** The District Clerk is hereby directed to enter this Order and provide copies to Defendant and Counsel for the United States.

DATED November 20, 2025.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE